IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRIME COMMUNICATIONS, L.P., | § | C.A. NO. 4:19-CV-00291 |
| | § | |
| VS. | § | JURY |
| | § | |
| RAGSDALE LIGGETT, P.L.L.C. | § | |

DEFENDANT RAGSDALE LIGGETT, P.L.L.C.'S RESPONSE TO PLAINTIFF
PRIME COMMUNICATIONS, L.P.'S MOTION TO ABATE RAGSDALE'S
PENDING MOTIONS TO DISMISS
_____

Defendant Ragsdale Liggett, P.L.L.C. ("Ragsdale") files its Response to Plaintiff Prime Communications, L.P.'s ("Prime") Motion to Abate Ragsdale's Pending Motions to Dismiss (Dkt. 27).

1.    **Relief Requested.**

Ragsdale respectfully asks the Court to deny Prime's Motion to Abate and award Ragsdale such other and further relief to which it may be justly entitled.

2.    **The Court Should Not Defer Ruling on Prime's Omnibus Motion to Dismiss for Mediation.**

The Court should not abate a ruling on Prime's Omnibus Motion to Dismiss before the parties have mediated. Ragsdale timely filed its initial Motion to Dismiss on February 4, 2019. Ragsdale's Motion to Dismiss (Dkt. 3) (Feb. 4, 2019). Ragsdale timely filed its Omnibus Motion to Dismiss on March 21, 2019, after Prime filed an Amended Complaint. Ragsdale's Omnibus Motion to Dismiss (Dkt. 23) (Mar. 21, 2019). Rule 15(a)(3) required Ragsdale to file its Motion to Dismiss Prime's Amended Complaint within fourteen days of service of Prime's amended pleading. FED. R. CIV. P. 15(a)(3). Ragsdale did so, before the

Court conducted the Initial Conference and entered the Docket Control Order. The issues presented by Ragsdale's Omnibus Motion have been before the parties and the Court for almost three months.

Meanwhile, Ragsdale has consistently maintained mediation may be appropriate only after the parties conduct discovery. In the Joint Discovery/Case Management Plan, the parties advised the Court they do not believe mediation will be fruitful at an early stage. Joint Discovery/Case Management Plan (Dkt. 24) at § 13-14 (March 26, 2019). The parties advised the Court mediation may be appropriate after the parties finish discovery. *Id.* at § 15. The parties advised the Court of Ragsdale's pending Omnibus Motion in the Joint Discovery/Case Management Plan. *Id.* at § 19-20. The Court conducted an Initial Conference on April 5, 2019 and entered a Docket Control Order shortly thereafter. Docket Control Order (Dkt. 26) (Apr. 5, 2019). The Court referenced Ragsdale's Omnibus Motion at the Initial Conference. In the subsequent Docket Control Order, the Court ordered with respect to mediation and dispositive motions, that "Dispositive motions will be due thirty (30) days after the mediator or magistrate judge declares an impasse." *Id.* at ¶¶ 8-9. Of course, by that time, Ragsdale had already filed its Omnibus Motion.

Prime has not identified a compelling reason why the Court should abate a ruling on Ragsdale's Omnibus Motion. When read in context, the Court's Docket Control Order regarding mediation and dispositive motion refers to summary judgment motions, not Ragsdale's Omnibus Motion to Dismiss. Prime attempts to use a strained reading of the Court's Docket Control Order as a basis to prevent the Court's ruling on Ragsdale's Omnibus Motion until after the parties mediate. Prime asks the Court to wholly ignore the

critical context—that Prime had already filed its Omnibus Motion as required by Rule 15(a)(3) when the Court conducted its Initial Conference and entered the Docket Control Order. If taken to its logical conclusion, Prime's urged interpretation of the Court's Docket Control Order would extend the deadline for Ragsdale to file any Rule 12(b) motion until thirty days post mediation.

Ragsdale has consistently maintained mediation may be appropriate only after the parties finish discovery. Prime's request to abate is a naked effort to force Ragsdale to choose between two unsatisfying options: either (1) waste time and money at an early mediation, with little hope of resolution, in the hopes that the Court may rule on Ragsdale's Omnibus Motion, or (2) delay ruling on Ragsdale's Omnibus Motion until the parties have conducted discovery and mediated. A mediation which one party believes is premature will serve no purpose. Alternatively, delaying a ruling on Ragsdale's Omnibus Motion until after the parties have conducted discovery and mediation will frustrate the substantive purpose of Ragsdale's objections to being sued in a forum to which it has not purposefully availed itself of and which is inconvenient. The Court has already indicated that the parties may conduct discovery, without restriction. Ragsdale respectfully maintains the Court should rule on Ragsdale's Omnibus Motion when the Court's business permits and without requiring the parties to mediate before ruling.

**3.     The Court Should Not Abate a Ruling on Ragsdale's Omnibus Motion to Allow Prime to Conduct Jurisdictional Discovery.**

The Court should not abate a ruling on Ragsdale's Omnibus Motion while Prime conducts jurisdictional discovery. The Court is not required to defer ruling on a jurisdictional

motion until all discovery contemplated by a plaintiff has been accomplished. *Kelly v. Syria Shell Petroleum Development B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) *citing Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 n. 4 (5th Cir. 1985). Ordinarily, a court should give a plaintiff an opportunity to conduct some jurisdictional discovery; however, a court does not need to permit a party to conduct discovery related to personal jurisdiction unless the motion to dismiss raises issues of fact. *Kelly*, 213 F.3d at 855 *citing Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).

In the instant case, Ragsdale's Omnibus Motion does not raise any fact issues related to personal jurisdiction. The parties generally agree on what the relevant jurisdictional facts are, but hotly contest whether they suffice to subject Ragsdale to personal jurisdiction in Texas. Prime has not identified any fact issues it believes the jurisdictional discovery will resolve. The Court has not placed any limits on the discovery the parties may conduct. There is no compelling reason for the Court to abate ruling on Ragsdale's Omnibus Motion. Ragsdale submits the Court should rule on Ragsdale's Omnibus Motion when the Court's business permits.

**4.    Prayer.**

Ragsdale respectfully asks the Court to deny Prime's Motion to Abate and award Ragsdale such other and further relief to which it may be justly entitled.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

*/s/ Nicholas J. Lanza with permission SKS*
**NICHOLAS J. LANZA**
TBA No. 11941225

2502 Algerian Way
Houston, Texas 77098
713-432-9090
713-668-6417 fax
eservice@lanzalawfirm.com

**ATTORNEY-IN-CHARGE FOR
DEFENDANT RAGSDALE LIGGETT,
P.L.L.C.**

**OF COUNSEL:**

**STEWART K. SCHMELLA**
TBA No. 24033041
Lanza Law Firm, P.C.
2502 Algerian Way
Houston, Texas 77098
713-432-9090
713-668-6417 fax
sschmella@lanzalawfirm.com

**ATTORNEYS FOR DEFENDANT
RAGSDALE LIGGETT, P.L.L.C.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was sent as described below on May 1, 2019:

**Via ECF**
Ashish Mahendru
Darren Braun
Mahendru, P.C.
639 Heights Blvd.
Houston, Texas 77007

*/s/ Stewart K. Schmella*
**NICHOLAS J. LANZA/
STEWART K. SCHMELLA**

5