IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRIME COMMUNICATIONS, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-0291 |
| | § | |
| RAGSDALE LIGGETT, P.L.L.C., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Prime Communications, L.P. ("Plaintiff") sued defendant Ragsdale Liggett, P.L.L.C ("Defendant") in the 11th Judicial District Court of Harris County, Texas, alleging that Defendant committed legal malpractice when representing Plaintiff in a lawsuit before the United States District Court for the Eastern District of North Carolina (the "North Carolina Lawsuit").[1] Defendant timely removed the action to this court.[2] Pending before the court is Defendant Ragsdale Liggett, P.L.L.C.'s Omnibus Motion to Dismiss ("Defendant's Motion") (Docket Entry No. 23). For the

---

[1] See Defendant Ragsdale Liggett, P.L.L.C.'s Notice of Removal ("Notice of Removal"), Docket Entry No. 1, pp. 1-2. The North Carolina Lawsuit was filed under C.A. No. 5:12-cv-69-H in the Western Division of the Eastern District of North Carolina and is styled Rose Lorenzo v. Prime Communications, L.P. See id. at 2. [All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.]

[2] See Notice of Removal, Docket Entry No. 1.

reasons explained below, Defendant's Motion will be granted in part and denied in part.

## I.  Factual and Procedural Background

Plaintiff is an authorized AT&T retailer.[3]  While Plaintiff maintains its principal place of business in Texas, Plaintiff has stores across the United States, including in North Carolina.[4]  In 2012 a group of current and former employees of Plaintiff instituted the North Carolina Lawsuit against Plaintiff, alleging violations of the Fair Labor Standards Act and the North Carolina Wage and Hour Act.[5]  Plaintiff hired Defendant, a law firm based in Raleigh, North Carolina, to represent it in the North Carolina Lawsuit.[6]  All of the lawyers employed by Defendant are North Carolina residents who have not appeared in a Texas matter or been licensed in Texas.[7]

Plaintiff and Defendant signed a letter agreement regarding Defendant's representation of Plaintiff in the North Carolina Lawsuit on July 18, 2014 (the "Letter Agreement").[8]  Plaintiff and

---

[3]See Plaintiff's Amended Complaint, Docket Entry No. 22, p. 2.

[4]See id.

[5]See id.

[6]See id.

[7]See Defendant's Motion, Docket Entry No. 23, pp. 12-13.

[8]See Letter Agreement, Exhibit A to Defendant's Motion, Docket Entry No. 23-1, p. 1.

Defendant agreed that in exchange for Defendant waiving some of its legal fees, Plaintiff would "waive and hold harmless [Defendant] from any acts or omissions that [] may have occurred by any member or employee of [Defendant] during the [North Carolina Lawsuit]."[9] Defendant also agreed that it would continue to use "its best efforts" in defending Plaintiff in the North Carolina Lawsuit despite the agreed fee reduction.[10] According to Defendant, Plaintiff claimed in early April of 2017 that Defendant breached the Letter Agreement.[11] As a result, Defendant petitioned the judge in the North Carolina Lawsuit to withdraw as Plaintiff's counsel on April 19, 2017.[12] The presiding judge permitted Defendant's withdrawal on June 22, 2017.[13]

On December 13, 2018, Plaintiff filed this action in the 11th District Court. Defendant removed the action to this court on January 28, 2019.[14] Defendant did not file an answer but instead moved to dismiss the action on February 4, 2019.[15] After seeking the court's leave, Plaintiff filed its Amended Complaint on

---

[9]See id.

[10]See id.

[11]See Defendant's Motion, Docket Entry No. 23, p. 12.

[12]See id.

[13]See id.

[14]See Notice of Removal, Docket Entry No. 1.

[15]See Defendant Ragsdale Liggett, P.L.L.C.'s Motion to Dismiss, Docket Entry No. 3.

March 7, 2019.[16]  Defendant timely filed its pending Motion on March 21, 2019.[17]

## II.  Analysis

Defendant's Motion includes a Motion to Transfer Venue from this court to the United States District Court for the Eastern District of North Carolina.[18]  Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "When considering a § 1404 motion to transfer, a district court considers a number of private- and public-interest factors, 'none of which can be said to be of dispositive weight.'"  Wells v. Abe's Boat Rentals Inc., Civil Action No. H-13-1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014) (quoting Action Industries, Inc. v. United States Fidelity & Guaranty Company, 358 F.3d 337, 340 (5th Cir. 2004)).  The private-interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy,

---

[16]See Plaintiff's Amended Complaint, Docket Entry No. 22.

[17]See Defendant's Motion, Docket Entry No. 23.

[18]See id. at 26-29.  Defendant's Motion also includes motions to dismiss pursuant to Rule 12(b)(2), Rule 12(b)(3), and Rule 12(b)(6).  See id. at 8.

-4-

expeditious and inexpensive." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) ["Volkswagen I"]. The public-interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Id.

The court must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)). Because the court must give "some weight to the plaintiff['s] choice of forum," the party seeking a transfer must show good cause. Id. at 581 n.6; In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ["Volkswagen II"]. The decision to transfer a case under § 1404(a) is "committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion." Mills v. Beech Aircraft Corporation, Inc., 886 F.2d 758, 761 (5th Cir. 1989).

"The preliminary question under the change of venue statute, 28 U.S.C. § 1404, is whether the suit could have been filed originally in the destination venue." Wells, 2014 WL 29590, at *1. Because Defendant resides in the Western Division of the Eastern District of

North Carolina,[19] this action could have originally been filed there. See 28 U.S.C. § 1391(b).

The private-interest factors are neutral or weigh in favor of transfer. There is no evidence that sources of proof will be more readily available in either the Southern District of Texas or the Eastern District of North Carolina. The "ease of access" factor is therefore neutral. The allegations in Plaintiff's Amended Complaint are all based on Defendant's representation of Plaintiff in the North Carolina Lawsuit. While neither party cites any witnesses by name, Defendant states that its key witnesses are the lawyers involved in the North Carolina Lawsuit -- all of whom reside in either North Carolina or Virginia.[20] Plaintiff, on the other hand, fails to provide the court with any information on the Texas witnesses it allegedly plans to call at trial.[21] Because the

---

[19]See Affidavit of William W. Pollock, Exhibit B to Defendant's Motion, Docket Entry No. 23-2 (stating that Defendant is a resident of Wake County, North Carolina); Counties Served by the Eastern District of North Carolina, http://www.nced.uscourts.gov/counties/Default.aspx (showing Wake County, North Carolina, as being served by the Western Division of the Eastern District of North Carolina).

[20]Defendant -- and its lawyers who represented Plaintiff in the North Carolina Lawsuit -- reside in Raleigh, North Carolina. Counsel for the plaintiffs in the North Carolina Lawsuit were based in Raleigh, North Carolina, and Richmond, Virginia. See Defendant's Motion, Docket Entry No. 23, pp. 27-28.

[21]See Prime Communication, L.P.'s Response to Defendant Ragsdale Liggett, P.L.L.C.'s New Motion to Transfer Venue, Docket Entry No. 30, p. 2 (incorporating Plaintiff's original response to Ragsdale's first motion to transfer venue); Prime Communications, L.P.'s Response to Defendant Ragsdale Liggett, P.L.L.C.'s Motion to
(continued...)

majority of the identifiable witnesses reside in North Carolina, the private-interest factors regarding compulsory process over witnesses and the cost associated with transporting witnesses to an out-of-town forum favor the Eastern District of North Carolina. There are no additional practical problems counseling for or against transfer, and there is no evidence that a transfer would cause unnecessary delay or prejudice either party.

The public-interest factors are neutral or weigh in favor of transfer. There is no evidence of court congestion in either the Southern District of Texas or the Eastern District of North Carolina that counsels for or against transfer. North Carolina courts have a significant interest in adjudicating a dispute claiming that North Carolina lawyers committed legal malpractice in a North Carolina action. While Defendant may have interacted with this forum during its defense of Plaintiff in the North Carolina Lawsuit, this action's only substantial connection to Texas is that Plaintiff resides here. While Plaintiff is a Texas limited partnership, Texas courts do not have a significant interest in adjudicating a dispute based on conduct occurring almost exclusively in North Carolina. The "local interest" factor therefore favors transfer. There is no evidence that either this

---

[21](...continued)
Transfer Venue ("Plaintiff's Original Response"), Docket Entry No. 14, p. 14 ¶ 33 ("Although Ragsdale's unnamed employees may be located in North Carolina, all of Prime Communications' witnesses are located in Texas.").

court or the courts of the Eastern District of North Carolina will have difficulty interpreting and applying the relevant law, be that the law of North Carolina or Texas. (Plaintiff argues that the relevant North Carolina and Texas laws are functionally identical.[22]) There is no evidence that a potential conflict of laws makes either forum more favorable.

Having considered the parties' arguments and balancing the public- and private-interest factors, the court is persuaded that Defendant has shown good cause for transferring this action to the Eastern District of North Carolina. A transfer to the Eastern District of North Carolina, Western Division, is therefore appropriate.

### III.  Conclusion and Order

For the reasons explained above, the court concludes that the Eastern District of North Carolina is a more convenient forum. Defendant Ragsdale Liggett, P.L.L.C.'s Omnibus Motion to Dismiss (Docket Entry No. 23) is therefore **GRANTED IN PART and DENIED IN PART** as follows:

> Defendant's Motion to Transfer Venue is **GRANTED**, and this action is **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina, Western Division.

> Defendant's Rule 12(b)(2), Rule 12(b)(3), and Rule 12(b)(6) Motions to Dismiss are **DENIED** as **MOOT**.

---

[22]See Plaintiff's Original Response, Docket Entry No. 14, pp. 16-17 ¶ 38.

Prime Communications, L.P.'s Motion to Abate Ragsdale's Pending Motions to Dismiss (Docket Entry No. 27) is **DENIED** as **MOOT**.

**SIGNED** at Houston, Texas, on this the 6th day of June, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE